PETER C. ANDERSON, UNITED STATES TRUSTEE
MICHAEL JONES, ASSISTANT UNITED STATES TRUSTEE, SBN 271574
NOREEN MADOYAN, TRIAL ATTORNEY, SBN 279227
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017-3560
(213) 894-4201 Facsimile: (213) 894-2603
Noreen.Madoyan@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| In re<br><br>**SP STAR ENTERPRISE, INC.**<br><br>Debtor(s). | **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b)(1) TO CONVERT, DISMISS OR APPOINT A CHAPTER 11 TRUSTEE; DECLARATION OF MARLENE FOUCHE, AUDITOR**<br><br>CHAPTER 11<br><br>CASE NUMBER **2:22-bk-14502-DS** |
|---|---|

TO THE DEBTOR, DEBTOR'S ATTORNEY, CREDITORS, AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on the following date and time in the indicated courtroom, the United States Trustee will move, and does hereby move the Court for an order either converting the above, entitled chapter 11 case to chapter 7, dismissing the case, or appoint a chapter 11 trustee, and for such other relief as may be appropriate on the grounds set forth below.

**Hearing Date: March 9, 2023**          **Time: 11:30 a.m.**          **Courtroom: 1639**

**Location:  255 E. Temple Street, Los Angeles, California 90012**

Local Bankruptcy Rule 9013-1(f) requires that any opposition or response to this motion be stated in writing, filed with the Clerk of the Court and served upon the United States Trustee at the address set forth in the upper left-hand corner of this document, upon the chapter 11 trustee and his or her attorney if a trustee has been appointed, and upon the debtor and the debtor's attorney no less than fourteen (14) days prior to the above hearing date.  The court may treat failure to file a written response to this motion within the required time period as consent to the motion.

**FILING INFORMATION**
[**X**] A voluntary petition under          [ ] chapter 7    [**X**] chapter 11 [ ] chapter 13 was filed on:  **08/18/2022**
[ ] An involuntary petition under [ ] chapter 7    [ ] chapter 11 was filed on:
[ ] An order of relief under          [ ] chapter 7    [ ] chapter 11 was entered on:
[ ] An order of conversion to        [ ] chapter 7    [ ] chapter 11 [ ] chapter 13 was entered on:

Revised 08/29/2013

| | |
|---|---|
| In Re:  SP Star Enterprise, Inc.<br>Debtor(s) | CHAPTER 11<br>CASE NUMBER  2:22-bk-14502-DS |

**PROCEDURAL STATUS**
[ ]  An order for the appointment of a chapter 11 trustee (examiner) was entered on:
[X]  Name of trustee (examiner) appointed: SubV Trustee Gregory Kent Jones
[ ]  Name of attorney of record for trustee (examiner):
[ ]  The petition was filed by a corporation without an attorney in violation of Local Bankruptcy Rule 9011-2(a) which prohibits a corporation, partnership or unincorporated association from filing a petition or otherwise appearing without counsel except for limited circumstances not applicable to prosecuting this Chapter 11 case.

**FACTS**
1.    [X]  The Debtor(s) is/are a small business debtor as that term is defined in 11 U.S.C. § 101(51D).
    [ ]  The Debtor is a single asset real estate debtor as that term is defined in 11 U.S.C. § 101(51B).
    [ ]  To date, no Disclosure Statement or Plan of Reorganization has been filed or submitted by the Debtor(s).
    [ ]  The Debtor(s) has failed to schedule a hearing for approval of the Disclosure Statement or Plan.
    [ ]  A hearing to consider the adequacy of information in the Debtor's(s') Disclosure Statement is set for:
    [ ]  The Disclosure Statement was approved by the Court by an Order entered on:

2.    The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides Effective September 1, 2011 (Notices and Guides), Bankruptcy Code and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:[1]
    [ ]  Schedules of Assets and Liabilities.
    [ ]  Statement of Financial Affairs.
    [ ]  Form B22B, Statement of Current Monthly Income.
    [ ]  Credit Counseling Certificate and copy of any debt repayment plan.
    [ ]  List of the twenty (20) largest unsecured creditors.
    [ ]  Notice of Setting/Increasing Insider Compensation.
    [ ]  Application to Employ Attorney.
    [ ]  Appear at the Initial Debtor Interview.
    [ ]  Appear at the duly noticed § 341(a) examination.
    [ ]  Debtor's(s)' compliance was not submitted in the format required by the Notices and Guides and was rejected on _____ for the reasons set forth in the declaration of Bankruptcy Analyst.
    [ ]  Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements For Chapter 11 Debtors In Possession ("Chapter 11 Compliance declaration").
    [ ]  Real Property Questionnaire(s).  Furthermore, despite Debtor identifying Debtor's business as a "Single Asset Real Estate" on petition item 7, Debtor failed to identify the address of the principal asset as required by petition item 4.
    [ ]  Sufficient evidence of closing of all pre-petition bank accounts including:
    [ ]  Closing bank statements; and/or
    [ ]  Bank Account Information in the Chapter 11 Compliance declaration.

---

[1] The United States Trustee respectfully requests that the Court take judicial notice of Debtor's petition, schedules, statement of financial affairs and other documents filed therewith and any amendments thereto which are in the Court's filed, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017.  The information contained in these documents, signed under penalty of perjury by Debtor, are admissible admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

| In Re:  **SP Star Enterprise, Inc.**<br>Debtor(s) | CHAPTER 11<br>CASE NUMBER  **2:22-bk-14502-DS** |
|---|---|

[ ]  Sufficient evidence of the opening and maintenance of three debtor-in-possession bank accounts (general, payroll and tax)[2] including: (1) a copy of the "debtor-in-possession" check for each account.
[ ]  Sufficient evidence of current insurance coverage including:
 [ ]  The declaration page for each policy; and/or
 [ ]  Insurance information in the Chapter 11 Compliance declaration.
[ ]  Proof of required certificates and/or applicable licenses in the Chapter 11 Compliance declaration.
[ ]  A list of insiders as defined at 11 U.S.C. § 101(31) in the Chapter 11 Compliance declaration.
[ ]  Financial Statement information in the Chapter 11 Compliance declaration.
[ ]  A projected cash flow statement for the first ninety (90) days of operation under chapter 11.
[ ]  A conformed copy(ies)of the recording of the Debtor's bankruptcy petition in each county in which real property is owned.
[ ]  A Statement of Major Issues and Timetable Report.
[ ]  Provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.
[ ]  An Employee Benefit Plan Questionnaire
[X]  Monthly Operating Report(s) ("MOR"):
 [ ]  Since filing
 [X]  For the following periods: November 2022 was due on 12/21/2022 and tardily filed on 2/10/2023, December 2022 was due on 01/21/2023. January 2023 will be due on 02/21/2023, prior to the scheduled hearing date on this motion.
[ ]  Pay quarterly fees:
 [ ]  Since filing
 [ ]  For the following quarters:

[ ]  Quarterly Post-Confirmation Report(s) ("PCR"):
 [ ]  Since filing
 [ ]  For the following  quarters:

[ ]  While Debtor(s)'s Schedule A and/or real property questionnaire(s) list an ownership interest in one or more real property/ies and Debtor(s)'s Schedule I and/or real property questionnaire(s) list income from real property/ies, to date, neither a motion to use cash collateral nor a stipulation consenting to Debtor(s)'s use of cash collateral related to the subject real property/ies has been filed with the Court.

3.  [X ]  Additional facts in support of the motion include:

**See Declaration of Auditor, Marlene Fouche, attached hereto.**

4.  [ ] Attached to the declaration of the auditor, are true and correct copies of the following documents in support of the above allegations:
Exhibit A: The Case Docket for In re: SP Star Enterprise, case no. 2:22-bk-14502-DS

---

[2] Unless Debtor has requested in writing that the United States Trustee waive one or more of the required accounts and the United States Trustee has granted the request in writing.

| In Re:  SP Star Enterprise, Inc.<br>Debtor(s) | CHAPTER 11<br>CASE NUMBER   2:22-bk-14502-DS |
|---|---|

## MEMORANDUM OF POINTS AND AUTHORITIES

- Except as provided in paragraph (2) and subsection ( C ), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."11 U.S.C. § 1112(b)(1).

- "For the purposes of this subsection, the term "cause" includes- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; ( C ) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any); (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; (K) failure to pay any fees or charges required under chapter 123 of title 28; (L) revocation of an order of confirmation under section 1144 of this title; (M)  inability to effectuate substantial consummation of a confirmed plan; (N) material default by the debtor with respect to a confirmed plan; (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." *11 U.S.C. § 1112(b)(4)*.

- "In a small business case . . . (2) the plan and disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief". *11 U.S.C. § 1121(e)(2)*.

- Local Bankruptcy Rule 2015-2(b) provides that timely compliance with the reasonable requirements of the Office of the United States Trustee is mandatory.

- Failure to comply with the reporting requirements of the United States Trustee and the Local Bankruptcy Rules is cause to dismiss a chapter 11 case or convert it to one under chapter 7 (11 U.S.C. § 1112(b)(1) and (b)(4)), [*In re 3868-70 White Plains Road Inc*., 28 B.R. 515 (Bankr. S.D.N.Y. 1983); *In re Bianco,* 5 B.R. 466 (Bank.  D. Mass.1980); *In re Pappas,* 17 B.R. 662 (Bankr. D. Mass. 1982)].

- The court may convert or dismiss a case where no reasonable possibility of effective reorganization exists, the debtor is unable to effectuate a plan and/or for unreasonable delay which prejudices the rights of creditors.  *See, e.g., In re Johnston*, 149 Bankr 158, 161 (9th Cir. BAP 1992).

- Under 11 U.S.C. § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of the several court actions will best serve the estate's creditors.  It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of the creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re: Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

| | |
|---|---|
| In Re: SP Star Enterprise, Inc.<br>Debtor(s) | CHAPTER 11<br>CASE NUMBER  2:22-bk-14502-DS |

- The court may prohibit the debtor from filing another bankruptcy petition for a period of 180 days where the debtor has failed to properly prosecute the case.  11 U.S.C. §§ 105, 109(g) and 349(a).

**Based on the above facts and law, and also based upon such oral and/or documentary evidence as may be presented at the time of the hearing, the United States Trustee respectfully requests as follows.**

1. That the Court grant the United States Trustee's motion per §1112(b)(1) and either dismiss this case, convert it to one under chapter 7 or appoint a Chapter 11 trustee if in the best interest of creditors.  Based on the United States Trustee's review of the record and evidence, the United States Trustee suggests:
   ☐ conversion
   ☒ dismissal
   ☐ dismissal with a 180-day bar
   Debtor has not filed, timely or otherwise, the Monthly Operating Reports in this case since the October 2022 report was tardily filed on December 15, 2022. The United States Trustee e-mailed Debtor's counsel on January 26, 2023, requesting that the outstanding November and December 2022 MORs be promptly filed, and set a deadline of January 30, 2023 to respond. A true and correct copy of such correspondence is attached hereto as **Exhibit B**.
   As of the date of filing this motion, December 2022 MOR has not been filed, the November MOR was very tardily filed on 2/10/2023, and further, the January 2023 MOR will be due prior to the hearing on this motion. At this time, the Debtor has set his Chapter 11 Plan for confirmation on March 9, 2023 and the UST cannot evaluate the merits and specifically, the feasibility of such, without having the most current MORs for review. As such, the U.S. Trustee contends that dismissal appears to be in the best interest of creditors.  *See* In re Sullivan, 522 B.R. 604, 612 (9th Cir. BAP 2014).  Moreover, there are no unusual circumstances presented that establish that dismissal or conversion is not in the best interests of creditors and the estate.  So, based on the evidence currently available, and the lack of compliance, dismissal would be in the best interests of creditors.

2. If the case is converted to one under chapter 7, that the Court enter an order requiring debtor's counsel to file a fee application under Bankruptcy Code § 330 within thirty (30) days.

3. If the case is dismissed, and the Court finds cause, that the court enter an order prohibiting the debtor from filing another bankruptcy petition for a period of 180 days after the date of entry of the order of dismissal.

4. In the alternative, that the Court set dates certain for the debtor to file a disclosure statement and plan, to obtain court approval of the adequacy of information in the disclosure statement, and to obtain court confirmation of a plan of reorganization ("dates certain") and that this court order that the debtor remain in full and timely compliance with the United States Trustee requirements.

5. If the court sets date(s) certain and/or orders that the debtor remain in full and timely compliance with U.S. Trustee requirements, that the court further order that if the debtor fails to comply with any date set or to remain in full and timely compliance, that this case may be converted or dismissed without further hearing, upon application of the United States Trustee to the court, served upon debtor and debtor's counsel.

6. That the court order such other and further relief as may be appropriate in the circumstances.

Date: February 13, 2023                    **PETER C. ANDERSON**
                                           **UNITED STATES TRUSTEE**

                                           By _/s / Noreen A. Madoyan_____

| | |
|---|---|
| In Re:  **SP Star Enterprise, Inc.**<br>Debtor(s) | CHAPTER 11<br>CASE NUMBER  **2:22-bk-14502-DS** |

    Noreen A. Madoyan
    Attorney for United States Trustee

| In Re:  **SP Star Enterprise, Inc.**<br>Debtor(s) | CHAPTER 11<br>CASE NUMBER  **2:22-bk-14502-DS** |
|---|---|

# DECLARATION OF BANKRUPTCY AUDITOR

I am over the age of eighteen years and am not a party to this case.  If called upon to testify I could and would do so competently.  I am employed as a Bankruptcy Auditor by the Office of the United States Trustee for the Central District of California, in the Los Angeles Field Office.  I am the **Auditor assigned** to In re: SP Star Enterprise, Inc., Case No. 2:22-bk-14502-DS.  I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

1. I am familiar with the procedures of the United States Trustee for maintaining paper and electronic submissions by debtors of the requirements of the United States Trustee for Chapter 11 debtors.  These procedures include the routine maintenance of paper and electronic submissions by debtors, in electronic files that are maintained for each Chapter 11 case; for the United States Trustee to discharge his statutory duties.  I have reviewed the files and electronic records of the United States Trustee for this case, and have included the results of my review in this declaration.

2. [ ] The petition was filed by a Corporation without an attorney in violation of Local Bankruptcy Rule 9011-2(a)  which prohibits a corporation, partnership or unincorporated association from filing a petition or otherwise appearing without counsel except for limited circumstances not applicable to prosecuting this Chapter 11 case.
   [ ] The Debtor(s) is/are a small business debtor as that term is defined in 11 U.S.C. § 101(51)(D).
   [ ] To date, no Disclosure Statement or Plan of Reorganization has been filed or submitted by the Debtor(s).
   [ ] The Debtor(s) has failed to schedule a hearing for approval of the Disclosure Statement or Plan.
   [ ] A hearing to consider the adequacy of information in the Debtor's(s') Disclosure Statement is set for:
   [ ] The disclosure statement was approved by the Court by an Order entered on:
3. [ ] The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides, Bankruptcy Code and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:
   [ ] Schedules of Assets and Liabilities.
   [ ] Statement of Financial Affairs.
   [ ] Form B22B, Statement of Current Monthly Income.
   [ ] Credit Counseling Certificate and copy of any debt repayment plan.
   [ ] List of the twenty (20) largest unsecured creditors.
   [ ] Notice of Setting/Increasing Insider Compensation.
   [ ] Application to Employ Attorney.
   [ ] Appear at the Initial Debtor Interview.
   [ ] Appear at the duly noticed § 341(a) examination.
   [ ] Debtor's(s)' compliance was not submitted in the format required by the Notices and Guides and was rejected on _____.  Specifically, _____.
   [ ] Declaration Of Debtor Regarding Compliance With U.S. Trustee Guidelines and Requirements For Chapter 11 Debtors In Possession ("Chapter 11 Compliance declaration").
   [ ] Real Property Questionnaire(s).
   [ ] Sufficient evidence of closing of all pre-petition bank accounts including:
      [ ] Closing bank statements; and/or
      [ ] Bank Account Information in the Chapter 11 Compliance declaration.
   [ ] Sufficient evidence of the opening and maintenance of three debtor-in-possession bank accounts (general, payroll and tax)[3] including: (1) a copy of the "debtor-in-possession" check for each account.

---

[3] Unless Debtor has requested in writing that the United States Trustee waive one or more of the required accounts and the

| In Re: SP Star Enterprise, Inc.<br>Debtor(s) | CHAPTER 11<br>CASE NUMBER  2:22-bk-14502-DS |
|---|---|

- [ ] Sufficient evidence of current insurance coverage including:
    - [ ] The declaration page for each policy; and/or
    - [ ] Insurance information in the Chapter 11 Compliance declaration.
- [ ] Proof of required certificates and/or applicable licenses in the Chapter 11 Compliance declaration.
- [ ] A list of insiders as defined at 11 U.S.C. § 101(31) in the Chapter 11 Compliance declaration.
- [ ] Financial Statement information in the Chapter 11 Compliance declaration.
- [ ] A projected cash flow statement for the first ninety (90) days of operation under chapter 11.
- [ ] A conformed copy(ies) of the recording of the Debtor's bankruptcy petition in each county in which real property is owned.
- [ ] A Statement of Major Issues and Timetable Report.
- [ ] Copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns.
- [ ] An Employee Benefit Plan Questionnaire
- [X] Monthly Operating Report(s) ("MOR"):
    - [ ] Since filing
    - [X] For the following periods: November 2022 was due on 12/21/2022 and tardily filed on February 13, 2023, December 2022 was due on 01/21/2023. January 2023 will be due on 02/21/2023

    - [ ] Since filing
    - [ ] For the following quarters: $250.00 for the 4th quarter 2022. 1st quarter 2023 fees continue to accrue.
- [ ] Quarterly Post-Confirmation Report(s) ("PCR"):
    - [ ] Since filing
    - [ ] For the following quarters:

- [ ] While Debtor(s)'s Schedule A and/or real property questionnaire(s) list an ownership interest in one or more real property/ies and Debtor(s)'s Schedule I and/or real property questionnaire(s) list income from real property/ies, to date, neither a motion to use cash collateral nor a stipulation consenting to Debtor(s)'s use of cash collateral related to the subject real property/ies has been filed with the Court.
4. [ ] Additional facts in support of the motion include:
5. [ ] Attached to the declaration of the auditor, are true and correct copies of the following documents in support of the above allegations:
    Exhibit A: The Case Docket for In re: SP Star Enterprise, case no. 2:22-bk-14502-DS


I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on the following date at Los Angeles, California.

Date: February ~~07~~ 13, 2023

Marlene Fouche
Bankruptcy Auditor

---

United States Trustee has granted the request in writing.

# EXHIBIT B

2/10/23, 9:04 AM
Case 2:22-bk-14502-DS    Doc 50    Filed 02/13/23    Entered 02/13/23 11:51:33    Desc
CM/ECF - U.S. Bankruptcy Court (v6)
Main Document    Page 10 of 20

Subchapter_V

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
### Bankruptcy Petition #: 2:22-bk-14502-DS

| | |
|---|---|
| *Assigned to:* Deborah J. Saltzman | *Date filed:* 08/18/2022 |
| Chapter 11 | *341 meeting:* 09/14/2022 |
| Voluntary | *Deadline for filing claims:* 10/27/2022 |
| Asset | *Deadline for filing claims (govt.):* 02/14/2023 |
| | *Deadline for objecting to discharge:* 11/14/2022 |

| | |
|---|---|
| *Debtor* | represented by **W. Derek May** |
| **SP Star Enterprise, Inc.** | Law Office of W. Derek May |
| 710 E. Commercial St | 400 N. Mountain Ave., Suite 215B |
| Los Angeles, CA 90012-3412 | Upland, CA 91786 |
| LOS ANGELES-CA | 909-920-0443 |
| Tax ID / EIN: 86-1123790 | Email: wdmlaw17@gmail.com |
| *dba* **Platinum Showgirls LA** | |

| |
|---|
| *Trustee* |
| **Gregory Kent Jones (TR)** |
| Stradling Yocca Carlson & Rauth |
| 10100 N. Santa Monica Blvd., Suite 1400 |
| Los Angeles, CA 90067 |
| 424-214-7044 |

| | |
|---|---|
| *U.S. Trustee* | represented by **Noreen A Madoyan** |
| **United States Trustee (LA)** | Office of the United States Trustee |
| 915 Wilshire Blvd, Suite 1850 | 915 Wilshire Blvd., Suite 1850 |
| Los Angeles, CA 90017 | Los Angeles, CA 90017 |
| (213) 894-6811 | 202-934-4064 |
| | Email: Noreen.Madoyan@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 08/18/2022 | 1 (12 pgs; 3 docs) | Chapter 11 Subchapter V Voluntary Petition Non-Individual. Fee Amount $1738 Filed by SP Star Enterprise, Inc. List of Equity Security Holders due 09/1/2022. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 09/1/2022. Schedule A/B: Property (Form 106A/B or 206A/B) due 09/1/2022. Schedule C: The Property You Claim as Exempt (Form 106C) due 09/1/2022. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 09/1/2022. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 09/1/2022. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 09/1/2022. Schedule H: Your Codebtors (Form 106H or 206H) due 09/1/2022. Statement of Financial Affairs (Form 107 or 207) due 09/1/2022. Corporate Resolution Authorizing Filing of Petition due 09/1/2022. Corporate Ownership Statement (LBR Form F1007-4) due by 09/1/2022. Statement of Related Cases (LBR Form F1015-2) due 09/1/2022. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 09/1/2022. Incomplete Filings due by 09/1/2022. Chapter 11 Plan Subchapter V Due by 11/16/2022. (May, W.) WARNING: Item |

| | | |
|---|---|---|
| | | subsequently amended to update debtor's correct mailing address 2. Modified on 8/19/2022 (LL). (Entered: 08/18/2022) |
| 08/18/2022 | | Receipt of Voluntary Petition (Chapter 11)( 2:22-bk-14502) [misc,volp11] (1738.00) Filing Fee. Receipt number A54568918. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 08/18/2022) |
| 08/19/2022 | 2 (1 pg) | Notice to amend or correct debtor(s) name and address (BNC) (LL) (Entered: 08/19/2022) |
| 08/19/2022 | 3 (6 pgs) | Order Setting Scheduling and Case Management Conference. Hearing set on September 29, 2022 at 11:30 a.m., in Courtroom 1639 (via ZoomGov). (BNC-PDF) (Related Doc # 1) Signed on 8/19/2022 (MB2) (Entered: 08/19/2022) |
| 08/19/2022 | 4 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor SP Star Enterprise, Inc.). Status hearing to be held on 9/29/2022 at 11:30 AM at Crtrm 1639, 255 E Temple St., Los Angeles, CA 90012. The case judge is Deborah J. Saltzman. Due to the COVID-19 public health emergency, the courtroom will be closed to the public and the hearing will be held via ZoomGov, which provides both audio and video access. All parties and members of the public may connect to the hearing free of charge. ZoomGov connection information for this hearing will be posted on the Court's public calendar for Judge Saltzman, accessible on the court's website: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/default.aspx (MB2) (Entered: 08/19/2022) |
| 08/21/2022 | 5 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor SP Star Enterprise, Inc.) No. of Notices: 1. Notice Date 08/21/2022. (Admin.) (Entered: 08/21/2022) |
| 08/21/2022 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor SP Star Enterprise, Inc.) No. of Notices: 1. Notice Date 08/21/2022. (Admin.) (Entered: 08/21/2022) |
| 08/21/2022 | 7 (3 pgs) | BNC Certificate of Notice (RE: related document(s)2 Notice to amend or correct debtor(s) name and address (BNC)) No. of Notices: 9. Notice Date 08/21/2022. (Admin.) (Entered: 08/21/2022) |
| 08/21/2022 | 8 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)3 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 08/21/2022. (Admin.) (Entered: 08/21/2022) |
| 08/22/2022 | 9 (2 pgs) | Notice of Appointment of Trustee . Gregory Kent Jones (TR) added to the case. Filed by U.S. Trustee United States Trustee (LA). (Madoyan, Noreen) (Entered: 08/22/2022) |
| 08/22/2022 | 10 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 9/13/2022 at 09:15 AM at UST-LA3, TELEPHONIC MEETING. CONFERENCE LINE:1-866-811-2961, PARTICIPANT CODE:9609127. Last day to oppose discharge or dischargeability is 11/14/2022. Proofs of Claims due by 10/27/2022. Government Proof of Claim due by 2/14/2023. (LL2) (Entered: 08/22/2022) |
| 08/24/2022 | 11 (30 pgs) | Emergency motion *for Order Authorizing Payment of Prepetition Payroll and to Honor Prepetition Employment Procedures;* Filed by Debtor SP |

| | | |
|---|---|---|
| | | Star Enterprise, Inc. (May, W.) (Entered: 08/24/2022) |
| 08/24/2022 | [12](#)<br>(2 pgs) | Notice of Hearing Filed by Debtor SP Star Enterprise, Inc. (RE: related document(s)[11](#) Emergency motion *for Order Authorizing Payment of Prepetition Payroll and to Honor Prepetition Employment Procedures;* Filed by Debtor SP Star Enterprise, Inc. (May, W.)). (May, W.) (Entered: 08/24/2022) |
| 08/24/2022 | 13 | Hearing Set (RE: related document(s)[11](#) Emergency motion filed by Debtor SP Star Enterprise, Inc.) The Hearing date is set for 8/26/2022 at 11:30 AM at Crtrm 1639, 255 E Temple St., Los Angeles, CA 90012. The case judge is Deborah J. Saltzman. Due to the COVID-19 public health emergency, the courtroom will be closed to the public and the hearing will be held via ZoomGov, which provides both audio and video access. All parties and members of the public may connect to the hearing free of charge. ZoomGov connection information for this hearing will be posted on the Court's public calendar for Judge Saltzman, accessible on the court's website: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/default.aspx (MB2) (Entered: 08/24/2022) |
| 08/24/2022 | [14](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[10](#) Meeting of Creditors Chapter 11 (Corporations or Partnerships under Subchapter V) (309F2)) No. of Notices: 10. Notice Date 08/24/2022. (Admin.) (Entered: 08/24/2022) |
| 08/25/2022 | [15](#)<br>(2 pgs) | Declaration re: *Declaration Of Jorden Marino Regarding Telephonic Notice and Overnight Mailing of Notice and Emergency Motion For Authority To Pay Prepetition Payroll and Related Expenses* Filed by Debtor SP Star Enterprise, Inc. (RE: related document(s)[11](#) Emergency motion *for Order Authorizing Payment of Prepetition Payroll and to Honor Prepetition Employment Procedures;*). (May, W.) (Entered: 08/25/2022) |
| 08/26/2022 | [16](#)<br>(4 pgs) | Notice *of U.S. Small Business Administration's Non-Consent to Debtor's Use of Cash Collateral w/ Proof of Service* Filed by Creditor U.S. Small Business Administration (RE: related document(s)[11](#) Emergency motion *for Order Authorizing Payment of Prepetition Payroll and to Honor Prepetition Employment Procedures;* Filed by Debtor SP Star Enterprise, Inc. (May, W.)). (Levey, Elan) (Entered: 08/26/2022) |
| 08/26/2022 | [17](#)<br>(2 pgs) | Order granting emergency motion for authority to pay prepetition payroll and related expenses. (BNC-PDF) (Related Doc # [11](#) ) Signed on 8/26/2022 (MB2) (Entered: 08/26/2022) |
| 08/26/2022 | 19 | Hearing Held (RE: related document(s)[11](#) Emergency motion filed by Debtor SP Star Enterprise, Inc.). COURT RULING: Grant, SBA and debtor to coordinate on order language. (MB2) (Entered: 08/29/2022) |
| 08/28/2022 | [18](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[17](#) Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 08/28/2022. (Admin.) (Entered: 08/28/2022) |
| 08/31/2022 | 20 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 9/14/2022 at 03:30 PM at RM 7, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. (Madoyan, Noreen) (Entered: 08/31/2022) |

| | | |
|---|---|---|
| | | (Entered: 11/08/2022) |
| 11/16/2022 | [40](#)<br>(41 pgs) | Chapter 11 Plan of Reorganization , *Proposed, with Exhibits "1" through "7", and attached proof of service;* Filed by Debtor SP Star Enterprise, Inc. (RE: related document(s)[1](#) Chapter 11 Subchapter V Voluntary Petition Non-Individual. Fee Amount $1738 Filed by SP Star Enterprise, Inc. List of Equity Security Holders due 09/1/2022. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 09/1/2022. Schedule A/B: Property (Form 106A/B or 206A/B) due 09/1/2022. Schedule C: The Property You Claim as Exempt (Form 106C) due 09/1/2022. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 09/1/2022. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 09/1/2022. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 09/1/2022. Schedule H: Your Codebtors (Form 106H or 206H) due 09/1/2022. Statement of Financial Affairs (Form 107 or 207) due 09/1/2022. Corporate Resolution Authorizing Filing of Petition due 09/1/2022. Corporate Ownership Statement (LBR Form F1007-4) due by 09/1/2022. Statement of Related Cases (LBR Form F1015-2) due 09/1/2022. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 09/1/2022. Incomplete Filings due by 09/1/2022. Chapter 11 Plan Subchapter V Due by 11/16/2022. (May, W.) WARNING: Item subsequently amended to update debtor's correct mailing address [2](#). Modified on 8/19/2022 (LL).). (May, W.) (Entered: 11/16/2022) |
| 12/02/2022 | 41 | Notice to Filer - PLEASE SELECT AN AVAILBLE SELF-CALENDARING DATE TO SCHEDULE A CONFIRMATION HEARING. **Other** - (RE: related document(s)[40](#) Chapter 11 Plan filed by Debtor SP Star Enterprise, Inc.) (MB2) (Entered: 12/02/2022) |
| 12/16/2022 | [42](#)<br>(29 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending October 31, 2022 Filed by Debtor SP Star Enterprise, Inc.. (May, W.) (Entered: 12/16/2022) |
| 01/04/2023 | [43](#)<br>(9 pgs) | Stipulation By SP Star Enterprise, Inc. and *U.S. Small Business Administration, Renewed, for Adequate Protection and Use of Cash Collateral, Exhibit "1", with attached proof of service;* Filed by Debtor SP Star Enterprise, Inc. (May, W.) (Entered: 01/04/2023) |
| 01/10/2023 | [44](#)<br>(1 pg) | Order approving renewed stipulation for adequate protection and use of cash collateral. (BNC-PDF) (Related Doc # [43](#) ) Signed on 1/10/2023 (MB2) (Entered: 01/10/2023) |
| 01/12/2023 | [45](#)<br>(41 pgs) | Amended Chapter 11 Plan , *First Amended;* Filed by Debtor SP Star Enterprise, Inc. (RE: related document(s)[40](#) Chapter 11 Plan of Reorganization , *Proposed, with Exhibits "1" through "7", and attached proof of service;* Filed by Debtor SP Star Enterprise, Inc. (RE: related document(s)[1](#) Chapter 11 Subchapter V Voluntary Petition Non-Individual. Fee Amount $1738 Filed by SP Star Enterprise, Inc. List of Equity Security Holders due 09/1/2022. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 09/1/2022. Schedule A/B: Property (Form 106A/B or 206A/B) due 09/1/2022. Schedule C: The Property You Claim as Exempt (Form 106C) due 09/1/2022. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 09/1/2022. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 09/1/2022. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 09/1/2022. Schedule H: Your Codebtors (Form 106H or 206H) due 09/1/2022. Statement of Financial Affairs (Form 107 or 207) due 09/1/2022. Corporate Resolution Authorizing |

| | | |
|---|---|---|
| | | Filing of Petition due 09/1/2022. Corporate Ownership Statement (LBR Form F1007-4) due by 09/1/2022. Statement of Related Cases (LBR Form F1015-2) due 09/1/2022. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 09/1/2022. Incomplete Filings due by 09/1/2022. Chapter 11 Plan Subchapter V Due by 11/16/2022. (May, W.) WARNING: Item subsequently amended to update debtor's correct mailing address 2. Modified on 8/19/2022 (LL).). (May, W.)). (May, W.) (Entered: 01/12/2023) |
| 01/12/2023 | [46](#) <br> (46 pgs) | Notice of Hearing *on Confirmation of Debtor's First Amended Chapter 11 Plan, Copy of First Amended Plan, Blank Ballot, with attached proof of service;* Filed by Debtor SP Star Enterprise, Inc.. (May, W.) (Entered: 01/12/2023) |
| 01/12/2023 | [47](#) <br> (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[44](#) Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 01/12/2023. (Admin.) (Entered: 01/12/2023) |
| 01/13/2023 | 48 | Hearing Set (RE: related document(s)[45](#) Amended Chapter 11 Plan filed by Debtor SP Star Enterprise, Inc.). Confirmation hearing to be held on 3/9/2023 at 11:30 AM at Crtrm 1639, 255 E Temple St., Los Angeles, CA 90012. The case judge is Deborah J. Saltzman. Due to the COVID-19 public health emergency, the courtroom will be closed to the public and the hearing will be held via ZoomGov, which provides both audio and video access. All parties and members of the public may connect to the hearing free of charge. ZoomGov connection information for this hearing will be posted on the Court's public calendar for Judge Saltzman, accessible on the court's website: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/default.aspx (MB2) (Entered: 01/13/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/10/2023 09:04:10 | | | |
| **PACER Login:** | nmadoyanUST | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-bk-14502-DS Fil or Ent: filed From: 11/10/2021 To: 2/10/2023 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# EXHIBIT B

| | |
|---|---|
| **From:** | Madoyan, Noreen (USTP) |
| **To:** | Derek May |
| **Cc:** | Fouche, Marlene (USTP) |
| **Subject:** | In re SP Star Enterprises // MORs Missing |
| **Date:** | Thursday, January 26, 2023 10:37:00 AM |
| **Attachments:** | image001.png |

Dear Counsel:

PLEASE TAKE NOTICE that the Office of the United States Trustee ("UST") has completed a recent review of this case. The review indicates the Debtor has failed to submit the required reporting requirements and/or submitted incomplete reporting requirements to the Office of the United States Trustee ("UST") for the Central District of California. These requirements have not been waived. Specifically, the debtor has failed to timely provide the following or explain why any of the following is inapplicable:

[X ] Complete and Accurate Monthly Operating Report(s).
[ X ] November 2022 was due on December 21, 2022, and December 2022 was due on January 22, 2023

The above deficiencies must be corrected or proof supplied that the deficiencies have already been remedied or are not applicable no later than January 30, 2023. FAILURE TO COMPLY MAY RESULT IN THE FILING OF A MOTION TO DISMISS THE CASE.

Please file the requested Monthly Operating Reports with the bankruptcy court and transmit the requested fees to this U. S. Trustee lockbox via U. S. Trustee Payment Center, P. O. Box 6200-19, Portland, OR 97228-6200.

Effective January 1, 2020, the U.S. Trustee Program will add an option to accept chapter 11 quarterly fee payments online through Pay.gov at https://www.pay.gov/public/form/start/672415208. The site will only accept payments made by electronic funds transfer from a bank account. Payments using a debit card, credit card, or other types of online payments such as PayPal will NOT be accepted.

Failure of this notice to indicate the existence of a particular deficiency will not preclude a subsequent demand for compliance.

Should you have any questions, you may contact me at Noreen.Madoyan@usdoj.gov.

Thank you for your anticipated cooperation.

**Noreen A. Madoyan**
**Trial Attorney**
U.S. Department of Justice
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017-3560
202.934.4064 – Telephone
213.894.2603 – Facsimile
Email: Noreen.Madoyan@usdoj.gov



CONFIDENTIALITY NOTICE: This email transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by replying to this e-mail message. Please destroy the original transmission and its attachments without reading or saving in any manner.

UNITED STATES BANKRUPTCY COURT
Central District of California Los Angeles

| In re: | Case No.: 22-14502 |
|---|---|
| SP Star Enterprise, Inc., | Chapter: 11 |
| Debtor(s). | |

## CERTIFICATE OF SERVICE

I, Tinamarie Feil, state as follows:

I am over the age of 18 and not a party to the above-captioned case. I certify that on February 10, 2023 as directed by Office of the United States Trustee, true and correct copy(s) of the following document(s) were served on the party(s) listed on the attached exhibit(s) via the mode(s) of service thereon indicated:

UST Motion to Dismiss

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. February 10, 2023

Tinamarie Feil
BMC Group, Inc.
Approved Bankruptcy Notice Provider
info@bmcgroup.com; 888.909.0100

**Exhibit A - Certificate of Service**
**SP Star Enterprise, Inc. 22-14502**

| List ID | Name and Address of Served Party | Mode of Service |
|---|---|---|
| 6976 | Judge Deborah Saltzman, United States Bankruptcy Court, Central District of California, 255 E. Temple Street, Suite 1634, Los Angeles, CA, 90012 | **First Class** |
| 6976 | SP Star Enterprise, Inc., 711 Ducommun St., Los Angeles, CA, 90012-3442, United States of America | **First Class** |
| 6976 | W. Derek May, Law Office of W. Derek May, 400 N. Mountain Ave., Suite 215B, Upland, CA, 91786, United States of America, wdmlaw17@gmail.com | **First Class** |

FROM:    OFFICE OF THE UNITED STATES TRUSTEE

DATE:    February 13, 2023

TO:    BANKRUPTCY NOTICING CENTER

SUBJECT:    UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

**PART I**

**Please notice the subject motion for the following Chapter 11**

**case**: CASE NUMBER: 2:22-bk-14502-DS

CASE NAME:  SP Star Enterprise, Inc.

DATE PETITION FILED: 08/18/2022

HEARING DATE:    03/09/2022            TIME: 11:30 a.m.

COURTROOM: 1639

CONTACT AT U.S. TRUSTEE'S OFFICE:    Noreen A. Madoyan

Trial Attorney

For Conversion or Dismissal Only

Does the conversion or dismissal involve a joint petition wherein one party (husband or wife) has been converted or dismissed?

{ } Yes            { } No

If yes, explain:

PREPARED BY: Noreen A. Madoyan

═══════════════════════════════════════════════════════════════════

**PART II**    (To be completed by BANS)

Data Entry Operator _____ Date Entered _____

Comments:_____

_____

_____